UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-62693-Moore/McAiiley

LIONAL DALTON,

    Plaintiff,

vs.

DECADES OF DESIGN GROUP, INC.,
d/b/a DECADES,

    Defendant.

_____/

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between Plaintiff, LIONAL DALTON (hereinafter referred to as "Plaintiff"), and Defendant, DECADES OF DESIGN GROUP, INC., d/b/a DECADES (hereinafter referred to as "Defendant"), as follows[1]:

**WHEREAS**, Plaintiff filed the above styled action against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

**WHEREAS**, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Agreement; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

---

[1] Plaintiff and Defendant may hereinafter be referred to collectively as the "Parties".

CASE NO.: 15-CV-62693-Moore/McAiiley

-1-

NOW, **THEREFORE,** in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. **Modifications.** Defendant shall make the modifications ("Modifications") to the property, which is located at 1500 NE 4th Avenue, Fort Lauderdale, Florida, 33304 (the "Property") and perform such other obligations as more particularly set forth in Exhibit "A" attached hereto.

2. **Completion** All alterations, modifications, and policies required by this Consent Decree shall be completed within twelve (12) months of the parties executing this agreement. If the Modifications are not timely completed due to acts of God, third parties, or reasons beyond the control of Defendants and/or Lessee, then the Defendants and/or Lessee shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the completion date. If there is a need for additional time, Defendants' counsel must provide written notice to Plaintiff's counsel of the delay, the reasons for the delay, and the anticipated date of completion, and make a good-faith effort to effect implementation as soon as reasonably possible thereafter. Upon completion and within the time frame provided herein to complete the Modifications, Defendants <u>shall</u> provide Plaintiff, through their counsel, written notice of said completion. Upon same, Plaintiff shall have twenty (20) days to make inspection of the premises to verify the Modifications have been properly completed and within ADA guidelines. Failure to provide this notice will act as a default under the terms of this Agreement and for purposes of failure to advise, Plaintiff assumes the Modifications have not been made.

Plaintiff, Plaintiff's counsel, expert(s), and/or representatives shall be provided access to the public areas of the Property to verify completion of the Modifications by providing written notice no less than three (3) business days prior to the date when such individual(s) plan on accessing the Property. Defendant may provide photographs of barrier removal in lieu of an onsite inspection.

3. **Release.** In exchange for the good and valuable consideration set forth herein the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties") hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally, (hereinafter the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by the Defendants pursuant to paragraph 5 of this Agreement.

4. **References.** All references to the ADAAG shall be to "Appendix A" to 28 C.F.R. part 36 (the "ADAAG"). For any Modification agreed to herein, the Parties

acknowledge that a particular architectural element's compliance with the standards set forth in ICC/ANSI A117.1-1998 or the U.S. Access Board's 2004 ADAAG Final Rule, will constitute an acceptable equivalent facilitation to the corresponding ADAAG standards otherwise required by this Agreement. Completion of the Modifications pursuant to the ADAAG or the U.S. Access Board's 2004 ADAM) Final Rule shall be considered full compliance with the ADA. All dimensions of applicable Modifications are also subject to conventional building industry tolerances for field conditions. It is agreed by the Parties that once all the modifications set forth herein are made by Defendant, the Property shall be fully compliant with the ADA, pursuant to the readily achievable standard.

5. **Attorneys' Fees, Costs, Expenses, and all other Amount due by the Defendants.** Defendant shall pay all of Plaintiffs' reasonable attorney's fees, litigation expenses, and costs incurred in this matter, in an amount delineated in the Confidential Fee Agreement executed by the Parties, which shall be paid within five (5) days of the entry of this Consent Decree by the Court, by draft payable to J & M Advocacy Group, LLC 4000 Hollywood Blvd, Suite 435 South Hollywood, Florida 33021 ("Payment"). Plaintiff and his counsel agree that this payment constitutes all attorney's fees and costs to be recovered by Plaintiff in the Action. If the Defendants fail to make the above payment timely, Plaintiff's counsel may move the court for an Order of Default granting a judgment in the amount still owed, plus attorney's fees for the necessity of bringing the motion.

6. **Assignment.** Should Defendant assign its rights and obligations under this Agreement to any such Successor of the Property, and the Successor assumes such rights and obligations in writing, Plaintiff agrees that the Defendant shall be released from any and all

claims or causes of actions relating to obligations set forth in this Agreement, including but not limited to, any action taken to enforce the terms of this Agreement, except that payment of the Costs and Fees is to be made as set forth in paragraph 5 above pursuant to the terms thereof unless the Successor agrees to assume said obligation(s). If the Successor assumes the rights and obligations under this Agreement as set forth above, the Successor and only the Successor, may be sued to enforce the terms of this Agreement, and the Defendant shall not be sued.

7. **Confidentiality.** The Parties warrant that all the provisions of this Agreement will remain in strict confidence, except where disclosure is required by applicable law, court order or subpoena compelling disclosure. The Parties agree to refrain from making any statements about the above styled action, the allegations contained therein, or this Agreement.

8. **Invalidation.** If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

9. **Drafting.** The Parties acknowledge that Plaintiff and Defendant were able to draft, review and revise this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

10. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection

with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the Parties hereto.

11. **Non-Admission of Liability.** Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

12. **Dismissal.** Within five (5) business days of the date this agreement is fully executed, Plaintiff shall file a Joint Motion to Dismiss with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed either (i) in Broward Circuit Court or (ii) in the Federal Court for the United States, Southern District of Florida.

14. **Counterparts.** The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one

CASE NO.: 15-CV-62693-Moore/McAiiley

-6-

and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

CASE NO.: 15-CV-62693-Moore/McAiiley

IN WITNESS WHEREOF, The undersigned hereto execute this Agreement.

By: _____   Date: 2-16-16

J & M ADVOCACY GROUP, LLC
MARK D. COHEN, ESQ.
JESSICA L. KERR, ESQ.
Attorneys for Lional Dalton
Counsel for Plaintiff
Presidential Circle
4000 Hollywood Boulevard, Ste. #435 So.
Hollywood, Florida 33021
Telephone: (954) 962-1166
Florida Bar No. 347345
Email: mdcohenpa@yahoo.com

By: _____   Date: 2/16/2016

Kristy Armada, Esq.
Attorney for Decades of Design Group, Inc.
Florida Bar No. 587281
**Hackleman, Olive & Judd, P.A.**
2426 E Las Olas Blvd
Fort Lauderdale, FL 33301-1573
Office: 954-334-2250
Fax: 954-334-2259
Email: karmada@hojlaw.com
*Counsel for Defendant*

CASE NO.: 15-CV-62693-Moore/McAiiley
-8-

## EXHIBIT A TO CONSENT DECREE

1. Defendant shall provide one disabled van accessible parking space with an access aisle; the space and painted ground sign shall have the requisite striping, spacing, width and length; the disabled parking sign shall be of the appropriate height in compliance with 2010 ADAAG §§ 208.3 208.3.1, 208.1, 208.2, 502, 502, 502.1, 502.3.1.

CASE NO.: 15-CV-62693-Moore/McAiiley